TCC:jp 040419

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LAURA KISSEL,

                Plaintiff,

    v.                                  No.

OAK FOREST HEALTH CENTER,  COUNTY
OF COOK,

                Defendants.

## COMPLAINT

Now comes the plaintiff, Laura Kissel, by and through her attorney, Thomas C. Crooks, and complains of the defendant, Oak Forest Health Center (hereinafter "Oak Forest") and County of Cook, as follows:

## NATURE OF ACTION

1.      Kissel brings this civil action for violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12111, *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction is invoked pursuant to 28 U.S.C. §1343(4) and 42 U.S.C. §2000e-5(f). Kissel filed her charge of discrimination with the Illinois Department of Human Rights and Equal Employment Opportunities Commission on September 7, 2012 alleging discrimination based upon her disability.  On February 1, 2014 a determination was made by the Illinois Department of Human Rights that there was substantial evidence in support of her charge.  On June 29, 2015 the EEOC determined that reasonable cause existed to believe that the defendants had discriminated against Kissel based on her disability.  A notice of right to sue from the EEOC was received by Kissel after March 24, 2016.

3.      Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) because the events giving rise to this claim occurred in this judicial district and Kissel and the defendants all reside in this district.

## PARTIES

4.      Kissel is a resident of Crestwood, Illinois.   Kissel started her employment with defendants in September of 1983 as a food service worker.

5.       The Oak Forest Health Center is a public hospital and a part of the Cook County Health and Hospitals System.  Oak Forest Health Center is and owned and operated by the County of Cook, a body politic.  At all relevant times hereto defendants employed in excess of five hundred individuals.  Defendants are employers within the meaning of the ADA.

## FACTS

6.      In 1994 Kissel was injured on the job resulting in a loss of 25% use of her right arm as a result of nerve injury.  Kissel returned to work with restrictions.  She could not lift anything greater than 16 pounds and could not engage in repetitive motions.  As a result Kissel became a qualified individual with a disability entitled to the protection of the ADA.  Defendants initially accommodated plaintiff's restrictions and she continued to work as a food service worker.

7.      In February 2010 defendants informed Kissel that her restrictions would no longer be accommodated.  Kissel continued to work without restrictions, resulting in aggravation of her nerve injury.  Kissel went on disability leave in April of 2010 as a result of the aggravated nerve injury. While on leave Kissel remained an employee of the Oak Forest Health Center and County of Cook.

8.      Throughout her employment with defendants Kissel's performance was satisfactory. At all relevant times hereto Kissel was capable of performing the essential functions of her job with

or without accommodation.

9.      In June of 2012 Kissel sought to return to active work status with defendants, which required accommodation of her disability. Although initially agreeing to accommodate Kissel's disability, on June 29, 2012 defendants refused to return her to work if she needed accommodation for her disability.

10.     As of the date of this filing Kissel remains capable of working in her job as a food service worker so long as she is provided accommodations by defendants, as they previously did for a period of 15 years. Defendants continue to refuse to accommodate Kissel's disability and return her to work.

AMERICANS WITH DISABILITY ACT

1-10.   Kissel incorporates by reference paragraphs 1 through 10 as if fully set forth here.

11.     Defendants' refusal to make reasonable accommodations for Kissel's disability and allow her return to work in the food service department constitutes discrimination against Kissel due to her disability, in violation of the ADA.

12.     As a direct and proximate result of the actions of the defendants as stated above, Kissel has suffered and continues to suffer lost wages and benefits and has otherwise been damaged.

13.     As a direct and proximate result of the actions of the defendants as stated above, Kissel has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

WHEREFORE, plaintiff, Laura Kissel, requests the following relief:

A.      A declaration by this court that her rights under the Americans with Disabilities Act were violated by defendants' actions;

B.     Reinstatement of Kissel to her position, including all seniority, benefits and pay increases she would have received if she had not been wrongfully denied her position;

C.     An order directing the defendants to provide a reasonable accommodation for Kissel's disability;

D.     Back pay through the date of her reinstatement, including but not limited to the following:

(i)     salary and raises commensurate with those given other similarly situated employees;

(ii)     bonuses commensurate with those given other similarly situated employees;

(iii)     all benefits, including but not limited to pension and profit sharing, health benefits and other benefits commensurate with those given similarly situated employees;

E.     Compensation for Kissel's emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life;

F.     An award of front pay if Kissel is not returned to her position;

G.     An award of Kissel's costs and reasonable attorney's fees as permitted by law;

H.     For such other relief as this court deems just.

/Thomas C. Crooks
Thomas C. Crooks,
Attorney for Plaintiff

## RULE 38 JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure plaintiff demands trial by jury.


Thomas C. Crooks
Attorney for Plaintiff
Three First National Plaza
Suite 1950
Chicago, Illinois 60602-4205
Telephone: (312) 630-0900
Facsimile:  (312) 630-0394